Next case is number 22-1531, United States v. Lowmaster. Mr. Kogan. Good afternoon, Your Honor. Good afternoon, Judge. My name is Adam Kogan. I represent Rodney Lowmaster, the appellant in this case. I would like to reserve four minutes of rebuttal time. Granted. The rub in this case and the sole issue before this court is whether the district court had jurisdiction to revoke Mr. Lowmaster's term of probation. If the district court lacked jurisdiction, then this case is over and the revocation of Mr. Lowmaster's probation was untimely. In order for a district court to be able to exercise jurisdiction after a term of probation has expired, a warrant or summons must issue before that probationary period ends. That is the plain language of the statute, Title 18 United States Code, Section 3565C, and all the cases support that interpretation. That is what the statute says. What was the magistrate judge's show cause order lacking so that it was not a summons? Well, it wasn't a summons, is what I would answer literally, Your Honor. Why not? Because it didn't say summons across the top? Well, something has happened since I originally filed my brief, and if the court would permit, I'd like to bring that to the court's attention. It involves a case that was pending in the same district court in the Western District in Johnstown, and it was United States v. LeShay Brown. The case number is 3-19-CR-21-KRG, document 93. And I apologize, Judge Fischer, I don't have an easy way to get that to you remotely. You could submit it in a 28-J letter. I can, and if the court would like to see it, I could supply the court right now for your use. Here's a copy to the prosecutor. May I approach, Judge? Sure. Thank you. In this case, Your Honor, that I just supplied the court to LeShay Brown case, what happened was the probation office properly requested the issuance of either a warrant or summons. And as a result of that request, the district court judge, and it wasn't the magistrate judge in the LeShay Brown case, it was the actual district court judge, issued a summons, and that is before the court. And I would submit, Your Honor, that that is categorically different than a court order. Yeah, they cleaned up the form, which is good, because this form was a bit of a disaster. I think perhaps Mr. McHale would even agree with that. But that doesn't help us decide the case. To Judge Porter's first question, what is a summons? What is required? What I thought was particularly peculiar about the old form is that my initial reaction was, why didn't you just check the box that said summons? But here's the problem with that. I think even, and you're probably familiar, you probably have a picture in your mind of that form, everything it says, but I don't, so I'm going to try to find it here. But if you checked the box that said summons, under our precedent in Merlino, that would not constitute a summons because it ordered an executory act in the future rather than the act itself. Agreed? That is correct, Your Honor. And that is why that second document that I just supplied, Your Honors, is the key. That is the summons in a criminal case. What if he had checked the summons box and filled in all of the blanks with the exact same details that we see above? Would that be a summons? I don't think so, and maybe I could, just to clarify, all the things that are seen in the come to Johnstown courtroom for such and such date and time. One of the critical aspects of a summons, and it's present in the form that I supplied to court, and again, I apologize, Judge Fisher. But again, that's, look, because you've got something that's a lot better, it doesn't mean this doesn't work. So let's focus on what we have. But the traditional definition of a summons is that it requires you to answer the allegation, okay? Where do you find it? That would not have been specified. Mr. Kogan. I'm sorry, Judge Fisher. Yes. Where do you find that definition of summons? What are you referencing? I reference it. I know Judge Hardiman doesn't want me to go here, but that is in the summons form that I supplied to court. That is in the traditional summons. And I believe that's also in the definition that was supplied by the court in Merlino. To answer is the charge, and to specify when and in what circumstances that answer will apply. I think there's a probable cause requirement for a warrant or a summons, but there's not necessarily for a show cause order, right? Is that a potential distinction we can work with? That is an excellent point, Your Honor. And I believe that is a critical aspect of this. Warrant, yes, you have to have probable cause. Summons, the same thing. And here you don't have that. Why do you have to have probable cause to order a supervised releasee or a probationer to appear in front of the court? By definition, a supervised releasee is still, quote, in the system. A probationer is still in the system, you'd agree, right? Yes. So if they're in the system, doesn't the judge have the power to order them to appear? I don't think the court can simply order someone's appearance because it wants to. There has to be a violation. I think that actually brings up due process concerns. I mean, could a court just say that a probationer, a person serving probation has to appear every day? No, I would think not. There has to be. I mean, maybe if the original judgment said that was the condition of probation, but probation doesn't normally embrace that. It's been a long time since I was on the trial court, so I don't remember. But, you know, when we were here hearings on revocation of supervised release, you both know more about that than I do at this point. Is probable cause really required for that? I thought it was enough that the probation officer would they would send a letter to the court saying, you know, we've got several dirty urines or we've got the defendant was obliged not to access the Internet. And when I visited, he was accessing the Internet. So he gets summoned to the court to show cause why supervised release or probation shouldn't be revoked. Right. I think it becomes a component of the process, not through normal operation of the probation supervision procedures, but by operation of the statute that requires continuing jurisdiction to issue the warrant. There would have to be some basis for probable cause. But that's not a warrant. It's not issued in those cases, is it? It's he's just told the warrant. I thought the warrant was only issued if the supervisor released your probation or failed to appear at the appointed time and place. Now, John, you might issue an arrest warrant or something. As in the form I submitted and that the form that was originally used in the district court, a warrant was an option. It was actually requested, as Mr. McHale pointed out in his brief. You can see on the face of it where that was requested and it was requested that it be maintained under seal for the duration of the proceedings until the warrant was served. The magistrate judge didn't do that. He knew that he wasn't issuing a summons. He knew that he wasn't issuing a warrant. What he did was enter an order. And he maybe was trying to say in order to appear does not equal a summons. No, it does not. Why? I don't know. I thought I thought there were four components. I thought we should look to rule 12, I think. Right. Doesn't rule 12 talk about this? Rule 4. Excuse me. Rule 4. Thank you, Judge Fisher. Rule 4B1 identifies four requirements for a warrant. You need the defendant's name, the offense charged, command the defendant to be arrested and brought before the magistrate judge and then signed by a judge. Why shouldn't we track those here for a summons? Well, I mean, the government has conceded, I believe, that this was not a warrant. Right. I'm not suggesting it was a warrant. I'm suggesting that that why why shouldn't why shouldn't we say that a summons is something that does those four things? What we can't say is that a piece of paper that has the word summons on the top constitutes a summons. That can't be the case. It depends on what's in the document. Right. Your Honor, I think I would disagree with that. And it's not to be technical or hyper hyper technical or particular here. But but it goes to jurisdiction. Congress knew what it was doing when it enacted this statute. And it said there were jurisdictional triggers, either issue the warrant or issue a summons. Now, Congress knew what it was doing. It could have said a court order. It could easily have used that language. But it didn't. So jurisdiction is defined by whether Mr. Cote, Mr. Cote. I go back. That's why I go back to the question I initially asked you. Where do you get your definition for a summons? Because somewhere, if you're relying on what Congress said, I would like to I'd like you to argue what it was that Congress was relying on for its definition of summons. I think your honors, you go to what Congress had in mind when it used that word. I don't know of anything particular in the United States code that defines the summons more, more, more graphically than what what I've talked about here. So we should go to Black's Law Dictionary and other sources to find out what the definition of a summons is. Right. You can consult it. But I think that the form that I submitted to the court is the telling definition of what a summons is. It says on there a summons. Well, Black's defines summons as, quote, writ or process commencing the plaintiff's action and requiring the defendant to appear and answer, appear and answer. That's exactly it, Judge. This did not require him to appear and answer. It said appear and show cause why probation should not be revoked. And then the court contradicted that when we went into court and said that you didn't have to address this. It was it was not that. What do you mean by that? Why did the court hear the hearing? The court said you do not have to answer for the violation. This is not the time and the place for it. It's simply to establish whether there is. I believe the court used the term probable cause to believe a violation was submitted. And I said the court at the hearing that was convened. We're talking about the October 8th here. Yeah. Yes, I believe so. I have to check my my timeline, but I believe so. Yes. Yes. We looked up for B in addition to dictionaries to to figure out what a summons is. And if we look to for B, should we look to for a which includes the probable cause requirement? I think so. You know, lacking a specific definition that Congress put in mind or articulated in enacting the statute. Then I think the court has to construct what a summons is. And I think the starting point is, you know, is does it say summons? If it does, then that certainly weighs in favor of it being a summons. If it doesn't, then it cuts against it. Does it require the defendant to appear and answer? Well, it loosely required the defendant to appear. I pointed out that there was some deficiency on that basis, but but but but it didn't really require him to answer the violation. OK, so there was a shoe to show cause. Sounds a lot like you need to answer. It's it's it's similar, but just as an order, I would argue judge is not enough to trigger jurisdiction and you need a summons. Granted, this is not we're not talking difference between night and day here. OK, but but but I think you have to look at the command that you're here to really apply. And jurisdiction has to be construed narrowly. It has to be strictly construed. The court is aware of that. If as a as a criminal litigant or criminal defendant wants to file a notice of appeal, I think it's ridiculous. OK, I have to follow that notice of appeal because if I don't, then jurisdiction for this court to consider an appeal is lost in the court's law library downstairs. There is a book by Erwin Scherwinski, Jurisdiction, and it is there for for the young law clerks of items of interest for them because jurisdiction is so central to this court's handling of things. You only have jurisdiction if Congress gave it to you here. They didn't. They didn't say in order. They said you need a writ or a summons for the district court to have jurisdiction. Let me ask you. Let me ask you. The probation office moved to withdraw that petition because they said there was no jurisdiction. Close the case. Well, close the case. That's my question. Does it close the case? It's just an interesting side note. Is it somehow persuasive? Now, I don't know why it closes the case. Well, if if if if if that isn't if the court agreed, then there would then then the petition was, in effect, invalid. And as as that didn't issue until February, I believe, of 2020, then I read it to be a concession that the process did not occur as it was required. And the court lacked jurisdiction, lacking jurisdiction. And I believe that's what the probation office said, lacking jurisdiction. The matter should be dismissed. And as the probationary term had expired, it was so close right at the end that that would be the natural consequence of things. All right. We'll hear you on rebuttal, Mr. Kogan. Thank you. Thank you, Mikhail. Good afternoon, Your Honors. May it please the court. Matthew McHale on behalf of the United States. This court should affirm because the district court's October 3rd, 2019 order was a summons and Judge Porter's first question to Mr. Kogan, I think, was apt, which is what does this order lack? Judge Hardiman may be correct that it maybe could be improved. And it's not the only way necessarily to accomplish what a summons accomplishes and to be a summons. But here it did meet the key definitional elements of a summons, as used in Section 3565, as explained by Merlene. What if Penitentiary Judge Pesto had issued that very same show cause order and then added a sentence saying this is not a summons? Then what? That would be a difficult question, because I would argue that you would have an incoherent directive. Essentially, there was no cause order. Every show cause order is not a summons, is it? No, not necessarily. But I think that you would have a situation where you have the and I would agree that there are four key elements of a summons. So you'd have it, which I can go into, but you would have those being satisfied, but then have a statement at the end contradicting them. So are those the rule for elements? I think rule four is a guideline as this court held in Merlino. So it's essentially, yes. In my hypothetical, why didn't Judge Pesto sort of do that by checking the the one box, the non summons box? Well, instead of checking the summons box. Well, we don't know. I mean, it's it's really just not clear why he did. We did. Well, I don't mean why. I don't mean I'm not getting into his. So there could be. So, number one, it's possible that he was trying to avoid a Merlino problem because I think arguably, arguably, if he had checked the next box. I think that may both order a summons to issue and also be a summons. That's just like Merlino, except it's a probationer instead of a supervisor. Right. So it's possible that he knowing that this was getting close to the end of the term of probation, he could have thought, I'm just going to I'm just going to cut the short and get this done. Sorry, when I asked that, I didn't mean try to figure out the magistrate judge's subjective thinking. Why isn't checking that third box instead of the fourth one tantamount to saying, here's this show cause order with all these details. This is not a summons. If I wanted it to be a summons, I would have checked the fourth box. Well, but the fourth box, I think by contemplating a future action that the clerk has to take to issue a summons, I think that makes the third box by itself. If you look at what Merlino defines as a summons, it does the job. And so and I would so then go through the sort of four key aspect of what a summons is. Number one, most critically, and what this order does is it does order the defendant in this case to appear at a stated time and place. And that is what that critical distinction is, what separates this case from the other cases like Merlino, also Block and Parklington that Mr. Lomaster relies on in his brief. That's a key distinction. This is not just a minute order setting a hearing. It's not. It is a direct order to the defendant to to show up at a time and place. Number two, it has his name. It's addressed to him, although I think Merlino suggests that even if it didn't, that could be just a technical error. But we didn't have that here. It described the offense or at least gave notice of what the hearing was going to be about. It's a it was an order to show cause why supervision should not be revoked. And I know, Mr. My friend has suggested that somehow the October 8th hearing was not that that did not mean that Mr. Lomaster had to answer. I don't I would disagree with that. I mean, yes. Show cause means the same thing as the answer. Correct. And Merlino actually talks about how. Look, if the government's probation is so worried about a having get the summons out and but wanting to coordinate with people's schedules, you can always like do a you could have a control date. You could have people show up and then basically just continue it to some later date. That's essentially what happened at the October 8th hearing. So I don't think just because Judge Pesto is saying, you know, you'd you have the concern there was that he had this pending state case. And I think Judge Pesto wanted to look out that he not, you know, infringes right. If he had been if he had been found not guilty in that case, then it would have been inappropriate to revoke. Well, I mean, it still would have been possible, I guess, because it was enough that he was charged. Yeah, maybe. But maybe in an exercise of discretion, the judge would have said, well, charge is one thing. You're not guilty. You went to trial. I'm not going to punish you for being found not for being charged, but not guilty. And it could have been and there was everyone agreed the judge. But the point is the continuance was was to the benefit of Lomaster. Correct. Correct. And then it was the fourth element being that it was signed by a judge. Now, Judge Porter, the question about probable causes is interesting. I don't think I don't think there's a need to decide that in this case. I would note I don't think probable cause is necessary in this probation context or a supervised release context. I think that's where if you look to rule four and nine, you know, probable cause is required if you're arresting someone or, you know, indicting someone. But I will at least know that there is at least a debate in the courts. You have the Ninth Circuit in Parkland and actually does agree, I think. And they say, no, no, probable cause is required. We and they cite a bunch of cases block from the Seventh Circuit, I think, disagrees and says, no, there's no suggestion. You know, they said a bunch of cases saying the Fourth Amendment doesn't apply to a probation context. So I, I, if probable cause doesn't fit, then could a court order a probation to appear for no reason for on a whim? No, probably not. But what's the middle ground? I mean, there has to be some in this case because of the delayed revocation. It has to be on the basis of an allegation of a violation, which is what we have here. I mean, on the, you know, attached to the summons in this case is the sworn under oath statement from the probation officer saying that he violated for because he attacked his wife. If the case is close and we're not quite sure and we're sort of considering the show cause order as though it were summons, then why doesn't Merlino control where it says it's a jurisdictional issue? So you should decide it against jurisdiction. And Judge Schwartz was in dissent after all with her functional equivalence argument. Well, I mean, Judge Schwartz would be on our side in this case as well. I think, although I would just be clear, we're not arguing that this is a functional equivalent. You're saying it is a summons? It is. It is. And I think, I think when you look, because. But you can see it's a lot better if it says summons in a criminal case than what we have. Yeah. And I do. Is this, is this issue, is this a rear view mirror issue or is this a one off? And we don't need a presidential opinion. We just need to decide this case and move on. And now that we've got a form that looks a lot more rational than the one that we're dealing with. Yes. One of my colleagues put it, this might be a case of last impression. I don't know. I don't know that for sure. I will say I never want to throw in the towel considering the relatively small, small beer. I'm not suggesting that the state, the state crime was, was very serious. Yeah. But the federal offense was not of the sort of gravity we typically see in federal court. Well, I don't even remember what it was, but it was that he got probation. He didn't even get jail time. He did. It was it was involved in a large scale marijuana conspiracy. That's right. He was the grow house for his nephew. Correct. Yes. And the the violation here was certainly very serious. And we advocated for a consecutive 24 month sentence here, which we lost. I mean, Judge Gibson gave it from concurrent. So I'm glad that actually I appreciate reminiscent of the numbers runners. The government's angry because he's in competition with the government. The government's in the business. So. So I just to return to what I was saying about how this is not just a functional equivalent, as in Rolino or in block or in Parkington, the other cases that Mr. Lomaster cites in those cases, you have some quite extraordinary facts where you have you have situations where, as in block, you have a defendant actually show up, get detained after a hearing on a supervised release violation. But ultimately, because the Seventh Circuit decided that there was no summons issued, he he goes free. I mean, he's not the court lost jurisdiction to punish him. How would a citizen or even his lawyer know when a show cause order something that looks like a show cause order is a summons or isn't? I don't think the language, the ordinary language is ambiguous when the court orders you to show up at, you know, at Johnstown, Pennsylvania, courtroom a with legal counsel on October 8th to show cause why superficial should not be revoked. I don't think that's a close call. I think you need to show up. And in a way, you know, it alone, it's not enough to sort of win our case here. But every but he act. I mean, everybody acted as though they understood. Yeah. I'm just saying, if you if you got this order and you said, well, I'm just going to blow it off. I mean, I think show cause order. I think Judge Harman might anger the judge, but, you know, I'll take that. Yeah. Well, I wouldn't recommend that. But but I mean, earlier in an earlier argument, I started when you mentioned the suspenders principle. You can I mean, you can think of a lot of button suspenders sort of approaches here. Maybe one is to have from now on, you know, oh, it always has to be a form a 083. But also, you know, you could also I mean, you could imagine telling the maybe probation could also think, well, wait a minute. My probation's done in next week. So I'm going to I'm I'm I'm free. So maybe you could think of maybe that maybe they should be told, oh, and per thirty five, sixty five, you're on notice. But that's my number. My question is, I can see I follow the argument that this could be a summons, but it doesn't have to be. It could be it could not be a summons. And I don't know how we know the difference. I mean, I I think that so long as this Mr. McKeon, let me follow up on that question, too. And in fact, at the initial appearance, you know, magistrate Judge Pesto essentially says it's not a summons. Well, your honor, I'm not sure I agree with that, as I recall. So he says what happens with alleged violation is that you're to come here. Either you're arrested and brought here, that would be a warrant or you respond pursuant to a summons or you appear and get noticed through counsel or by advice from the court. He sort of said, I hear under the third category. Well, your honor, I don't recall him committing to the fact that what he understood happening was that was the third element. I understood him to be just reciting the various ways in which people can be brought to court to appear for a revocation. And as Mr. Kogan pointed out, I mean, probation actually wanted a warrant. They didn't get it. They got what Judge Pesto checked. So I think I'm just reading to you what Judge Pesto said. It's his own words. And I mean, the question of what he thought he was doing. I wonder whether that's contrary to the statute. I mean, I again, I don't believe that he was stating that. And what I said, what I did was not a summons. I do think that ultimately it depends. You have to just apply the definition as, you know, the ordinary language understanding of what a summons is. Someone looking at dictionaries, someone looking to rules four and nine. And if you have the essential elements, which this order does, then it is a summons. It could also be titled, you know, again, in Merlino, actually, Merlino found that what what ended up being too late in that case was just titled notice of hearing. It was a September 16th notice of hearing that issued after the supervised release term expired. And the court said, you know, it quoted it in a footnote and said that summons came too late here. So government, you lose. If you look at the text of that notice of hearing, it says, I mean, I would say it's indistinguishable from the order here. It just it says your order to show up at a time and place to show cause why supervision should not be revoked. See petition attached. So there can be some play in the joints, I suppose. And there can be, you know, virtue in deciding as a matter of policy. Well, we're just we're going to do it from now on with Form 8083. I again, I believe anecdotally, I think that may be how probation is handling things now. I don't I don't know that 100 percent, but I my information is I suspect this case will not reoccur is my guess. So this may be the last impression. I don't know that we've ever heard that formulation, but it seems apt. Well, I don't want to be in the business of predictions, but OK. Well, anything else you want to add, Mr. McHale, before we hear rebuttal? No, nothing else. Unless the court has any questions, we would ask the court to affirm. All right. Thank you very much. Thank you. Just just a couple of points to to chime in on Judge Fisher Fisher's comments and Judge Porter's comments originally. I think you have to read that language of the transcript consistent with the original petition that was presented. The court had three options, warrant, summons or order. And the court said what happens with an alleged violation of supervised release is that you're to come here. Either you're arrested and brought here or you respond pursuant to a summons or you appear and get noticed through counsel or advice from the court. And that's what happened. And he didn't get noticed directly. He got it through counsel. He got it through. They didn't send it to him. It was no service of him whatsoever. That sounds like an order. That sounds like number three, not number two. It surely does, Your Honor. And for the court's edification. And he wasn't a supervised releasee. Right. Magistrate judge misspoke on that. I don't mean to hamper on that because most cases minor distinction, I guess. Yeah. Yeah. And but yeah, I think it evidences that. And I don't think that this was of a paramount concern for the for the court to follow all the all the particulars maybe that are specified. Let me ask you what I asked Mr. McHale. Do you see anything of precedential import here? Or is this a one off that just get this case right and move on? That's what the last point I really want to address, Your Honor, is Mr. McHale. My friend advised me before we came into court, Mr. Lowe Masters, according to the Bureau of Prisons website, his release date on this case is September 30th of 2023, which is not that far away, 10 months away or so. He is now in state custody serving the underlying conviction sentence. So there's just really not that much at play here. I don't think we need a precedential opinion here, particularly given the time. He's in a lot more hot water in the state charge than the federal. But even that sentence, I think, should be expiring fairly quickly. And just as a as a practitioner regularly for this one expires. Yes, I think he will be released to his federal sentence before. Yes, I'm confident of that. I thought they were concurrent. I mean, it's a parole decision, so you never know for sure. Sorry, I was concurrent. I thought the sentence was run concurrent. It was concurrent, but he has a little bit more underlying time on the state sentence just because I moved to violate Mr. Lomaster's probation or excuse me. Yeah, it is. I moved to violate the conditions of release to have him incarcerated at the federal sentence when he was incarcerated originally at the state sentence for various periods of time. And the court agreed with those orders. But just in catching up, there's still some, I think. Underlying effect to that state sentence and the final point that I would I would address with the court, Georgetown is a small district court. I practice there regularly. I supplied that court. I don't have any secret information or anything like that. But but I but I in supplying that petition to the court and the summons that issued in the case, I think the court got the message. And I and I think they they were aware of this. And and Judge Gibson's pretty astute. He would have, I think, addressed it appropriately. And I think they did this to to avoid this happening in the future. So I don't know the precedential opinion is really is really necessary. Well, we could we could hope for clarity in the future, but I think the courts will remain in business no matter how hard we try. Cases keep coming. So you've got. But we appreciate very much. Seeing these two Western Pennsylvanians, the eastern part of the state. It's always sort of comical when we've got two Western district lawyers and three Western district circuit judges. But it was a difficult trip. The conditions in Western Pennsylvania were less than favorable driving. I'll be careful. Both of you going home. Thank you for the excellent argument. We'll take the matter under advice. Thank you, Joe.